Filed Feb. 6, 1891.

---

No. 14,760.

THE STATE, EX REL. SCHOOK, *v.* THE CITY OF NEW AL-
BANY.

STREET.—*Obstruction of.*—*Mandamus.*—*Pleading.*—A complaint in an action to compel a city by mandamus to remove an obstruction from an alley placed therein by a railroad company, with the consent of the city, must, in order to be sufficient, make it affirmatively to appear that an unlawful use is made of the alley.

From the Floyd Circuit Court.

*J. H. Stotsenburg* and *E. B. Stotsenburg,* for appellant.

*G. A. Bicknell,* for appellee.

OLDS, C. J.—This was a proceeding by the appellant for a writ of mandate against the city of New Albany to require the city to remove an obstruction from an alley adjacent to the appellant's lot.

The State, *ex rel.* Schook, *v.* The City of New Albany.

By agreement the complaint was treated as the alternate writ, and appellee demurred to the same for two reasons :

" 1st. There is a defect of parties defendant, in this, the Pennsylvania Company is a necessary party defendant and should be joined.

" 2d. The complaint does not state facts sufficient to constitute a cause of action."

The court sustained the demurrer and this ruling is assigned as error.

The complaint describes the obstruction in an enigmatical way, and alleges that such obstruction was placed in said alley by the Pennsylvania Company, with the consent and approval of the city. It alleges that it is extremely dangerous to pass along the alley on account of the constant and swift motion of large bodies of iron, steel and wood, which are constantly and rapidly moved along and upon said alley. The interpretation given the complaint by counsel for the appellant and appellee is, that it charges that the Pennsylvania Company, with the consent of the city, located a railroad upon and along said alley, and that the large bodies of iron, steel and wood moving through and along said alley are locomotives, engines and cars of the company. This interpretation of the complaint is warranted by the language used, and it is conceded, in effect, that the alley is used for railroad purposes, and the allegations of the complaint show that the Pennsylvania Company occupy and use the alley with the consent and approval of the city. The presumption is that the city gave its consent and approval to use the street for lawful purposes, and if mandate will lie to compel the removal of an obstruction from the street, it will only be done when it is made to affirmatively appear that an unlawful use is made of the street or alley. The allegations of the complaint, when taken as a whole, are so obscure and uncertain that it can not be said to affirmatively appear from it that there is an unlawful use made of the street. The allegations of the complaint are such that it may in-

tend to charge, and may be construed as charging, that the Pennsylvania Company has, with the consent and approval of the city, located its railroad along and upon the alley. The charge is a very peculiar one, and is not sufficient to rebut the presumption of the lawful use of the streets and alleys by the city. The city would have the right to permit the use of the alley for railroad purposes. Railroad tracks are constructed of iron, steel and wood, and so are the cars, and the complaint charges that by reason of the constant and swift motion of large bodies of iron, steel and wood, which are constantly and rapidly moved along and upon said alley, it is dangerous for persons to pass along and upon it. To constitute a good complaint for a mandate, in a case like this, the facts must be plainly stated showing clearly an unlawful use of the street. This complaint is too uncertain and obscure in its description of the obstruction to withstand a demurrer, and the court did not err in its rulings.

Judgment affirmed, with costs.

